# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JANA D. LABONTE,**

              **Plaintiff,**

**v.**                                                    **Case No: 6:22-cv-579-PGB-EJK**

**ADVENT HEALTH,**

              **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, which the Court construes as a Motion to Proceed *in forma pauperis* (the "Motion"), filed April 18, 2022. (Doc. 3.) For the reasons set forth below, the Motion is due to be denied without prejudice and Plaintiff will be granted leave to amend the Complaint.

As an initial matter, Plaintiff's Motion is missing pages two and four of the application form. (*See* Doc. 3.) Plaintiff can find the complete form, "Application to Proceed in District Court Without Prepaying Fees or Costs," on the Court's website, www.flmd.uscourts.gov, under the "Forms" tab.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted" or "seeks monetary relief against a

defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. *See id.*

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Still, the Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. *See id.* at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. Fed. R. Civ. P. 10. Relevant facts should be segregated to each of their respective claims. *See Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

Using the form Complaint for Employment Discrimination, Plaintiff instituted this action for violations of the American with Disabilities Act of 1990 ("ADA"), as codified in 42 U.S.C. §§ 621–634. (Doc. 1.) However, Plaintiff fails to satisfy the required pleading standards because the Complaint does not adequately set forth the basis of her purported claim. Plaintiff merely makes a vague allegation that she was "singled out from the beggining [sic] with emotional abuse after being candid about my disability Epilepsy" and provides an "Expense Lists" [sic] that appears to list her damages but fails to allege facts to support an ADA claim. (*Id.* at 4–5.)

Under Title II of the ADA, a plaintiff must plead and ultimately show three elements:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Am. Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1101 (11th Cir. 2011). Plaintiff does not allege sufficient facts to satisfy these elements. The Complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the Motion will be denied because the Complaint fails to state a claim under the ADA.

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 3) is **DENIED without prejudice**. Plaintiff may file a renewed application to proceed in district court without prepaying costs alongside an amended complaint that corrects the deficiencies

outlined in this Order, **on or before May 9, 2022**. Failure to timely file an amended complaint may result in the Complaint being dismissed without further notice.

**DONE** and **ORDERED** in Orlando, Florida on April 28, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE